FILED
 2009 Sep-28 PM 12:08
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| Plaintiff, } | |
| vs. } | CASE NO. 2:08 cv 1611-SLB |
| MICHAEL K. ABERNATHY, } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion for Summary Judgment. (Docs. 7 and 8.)[1] Plaintiff United States of America ("United States") filed a compliant alleging that defendant Michael K. Abernathy ("Abernathy") is indebted to the United States, pursuant to 20 U.S.C. § 1071 *et seq.*, for student loans guaranteed by the Department of Education. (Doc. 1, Ex. A.) The United States asserts that Abernathy owes a principal sum of $62,798.94, plus accrued interest of $26,663.97 as of June 17, 2008. (Doc. 1.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion for Summary Judgment, (docs. 7 and 8), is due to be granted.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. In this case, documents 7 and 8 are duplicate filings of Plaintiff's Motion for Summary Judgment.

I.     **SUMMARY JUDGMENT STANDARD**

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury; and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999)(citing *Brown v. City of*

*Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988))(emphasis added).

## II.     STATEMENT OF FACTS

The court determines that the following facts are without substantial dispute.[2] On or about July 15, 1997, Abernathy executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Key Bank, USA, N.A.  (Doc. 1, Ex. A.)  The loan was disbursed for $40,259.50 on September 24, 1997, at 9.00 percent interest per annum.  (*Id.*)  Pennsylvania Higher Education Assistance Agency ("PHEAA") guaranteed the loan, which was then reinsured by the Department of Education ("DOE") under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §1071 *et seq.*  (*Id.*)  The holder of the note demanded payment according to the terms of the note and credited nothing to the outstanding balance.  (*Id.*)  Abernathy defaulted on the obligation on November 1, 2002, and the holder filed a claim on the loan guarantee.  (*Id.*)  Due to this default, guarantee agency PHEAA paid a claim in the amount of $62,813.27 to the holder.  (*Id.*)  PEHAA was then reimbursed for that payment by the DOE under the reinsurance agreement.  (*Id.*)  PEHAA attempted to collect the debt from Abernathy but was unable to collect the full amount due, and on September 23, 2005, assigned its right and title to the loan to the DOE.  (*Id.*)  Since the assignment of the loan, the DOE has credited no amount in payments from any

---

[2]Neither party submitted a statement of undisputed facts with their briefs related to the motion for summary judgment.  The finding of facts made by the court is based upon the pleadings, motions and evidentiary submissions on record.

sources, if any, to the balance. (*Id.*)  As of June 17, 2008 Abernathy owed a principal amount of $62,798.94[3] and accrued interest in the amount of $26,663.97, for a total amount of $89,462.91, with interest accruing at the rate of $15.47 per day.  (*Id.*)

A hearing on the government's Motion for Summary Judgment was held on August 11, 2009.  (Doc. 18.)[4]  Abernathy failed to appear.  The court subsequently set the motion for a second hearing.  (Doc. 19.)  Abernathy was notified of the hearing electronically, through the ECF system, and by U.S. Mail.  (*Id.*)  Abernathy was informed that failure to appear at the second hearing would likely result in judgment as a matter of law in favor of the United States.  (*Id.*)  Abernathy failed to appear.

**III. Discussion**

In his written response to the government's motion for summary judgment, Abernathy contends that he is without sufficient discovery to defend his case. (Doc. 10; *id.*, Ex. 1.)  Review of the record demonstrates that Abernathy has issued no discovery requests, deposition notices, or subpoenas.  Relief under Rule 56(f) "may not be invoked by the mere assertion that discovery is incomplete; the opposing party must demonstrate how the [requested discovery or time to provide other summary-judgment evidence] will

---

[3] The affidavit of the loan analyst for the DOE initially references a guarantee payment to the holder in the amount of $62,813.27; however, a subsequent itemization of borrower's obligations references a principal amount of $62,798.94.  The later figure is used consistently in the loan documents and court submissions.  The court considers the discrepancy of $14.33 to be merely a scrivener's error.

[4] The Order incorrectly states that the first hearing was conducted on July 28, 2009.  (Doc. 19.)  The July setting was moved to August 11, 2009.  (Doc. 18.)

enable him to rebut the movant's allegations of no genuine issue of material fact." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 28 F.3d 1388, 1396 (5th Cir.1994) (citation and internal quotation marks omitted); *see also Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir.1990) (noting that it is incumbent upon counsel to properly move for discovery under Rule 56(f)).  In fact, "Rule 56(f) does not require that *any* discovery take place before summary judgment can be granted" *Washington*, 901 F.2d at 1285 (emphasis added).

The complaint (doc. 1) sufficiently outlined the terms and history of the defaulted loan; and, the reply brief submitted by the United States (doc. 15., exs. A-H) provided substantive details pertaining to both the loan and the related collection efforts.[5] Abernathy is a licensed, practicing attorney, and, although he is proceeding in this case as a pro se defendant,[6] he is nevertheless presumed to be well schooled in civil procedure. In short, Abernathy has not been prejudiced by anything other than his apparent lack of effort in the defense of this case.  The court therefore rejects Abernathy's argument that summary judgment is premature or improper because discovery is incomplete.

---

[5]While Abernathy has not challenged the submission of the supplemental materials by the United States, the court notes that "nothing in the extant authorities, or in the Federal Rules of Civil Procedure, forbids a movant from making supplemental record submissions in a reply brief to rebut specific arguments raised by the non-movant's opposition brief."  *Hammons v. Computer Programs and Systems, Inc.*, No. 05-0613-WS-C, 2006 WL 3627117, at *14 (S.D. Ala. December 12, 2006).

[6]Pursuant to *McBride v. Sharpe*, 981 F.2d 1234, 1236 (11th Cir. 1993), requiring that district courts give pro se parties express, ten-day summary judgment rules, Abernathy was informed of his right to file affidavits or other materials in opposition to the motion.  (Doc. 9.)

By means of affidavit, executed by Abernathy and offered in support of his response to the government's motion, Abernathy makes the following arguments: 1) The complaint is incorrect because payments made by Abernathy were not credited to his account, thus placing the amount due at issue; 2) PHEAA denied Abernathy's "repeated written requests for assistance in the form of economic forbearance" and thereby caused the default; and 3) The "possibility that PHEAA must be added as a third party defendant" precludes entry of summary judgment in the government's favor. (Doc. 10, Ex.1.)

These arguments do not defeat plaintiff's Motion for Summary Judgment.  First, Abernathy misreads the complaint.  It does not state, as Abernathy contends, that "Defendant [has] made no payments on the loan."  (Doc. 12, Ex. 1, Abernathy Aff.) Instead, the complaint asserts that the DOE "credited a total of $0.00 in payments from all sources . . . to the balance."  (Doc. 1, Ex. A.)  The United States explains in its reply brief (doc.15) that, as of December 31, 2003, PHEAA collected a total of $5,250.00 in payments from Abernathy and, pursuant to 4 C.F.R. § 102.13(f), applied the payments in priority: "first to outstanding penalty and administrative costs charges, second to accrued interest, and third to outstanding principal."  (Doc. 15, Ex A at ¶15 & n.3.)  The government submitted affidavit testimony of Delfin M. Reyes, a DOE loan analyst, that, in accordance with § 484A(b) of the Higher Education Act of 1965, as amended, and 34 .C.F.R. §§ 30.60, 882.410(b)(2), 685.202(e)(2), and the terms of borrowers' promissory

notes, borrowers are liable for the costs of collecting defaulted federally-financed student loans. (Doc. 15, Ex. A at ¶15 n.3.) These costs, which include fees and other expenses, may be up to 25 percent greater than the amount of the principal and interest outstanding. (*Id.*) Also, once the guarantor pays on a default claim, the entire amount becomes due to the guarantor, here PHEAA, as principal. (*Id.*); *See* 34 C.F.R. § 682.410(b)(4).

The United States has supported its motion for summary judgment with documents evidencing the following: 1) on July 15, 1997 Abernathy executed a note to secure a loan in the amount of $40,259.50 at an interest rate of 9.00 percent per annum; 2) Abernathy defaulted on the obligation on November 1, 2002; 3) the DOE reimbursed guarantor PHEAA in the amount of $62,798.94; 4) PHEAA attempted to collect the debt from Abernathy but was unable to do so; 5) on September 23, 2005, PHEAA assigned its right and title to the loan to the DOE; 6) the DOE has credited no amount in payments to the balance, and 7) as of June 17, 2008 Abernathy owed a principal amount of $62,798.94, and accrued interest in the amount of $26,663.97 for a total amount of $89,462.91, with interest accruing at the rate of $15.47 per day.

Abernathy has not disputed the amount of the loan at inception or the subsequent calculation of interest by the DOE. Moreover, in his response in opposition, Abernathy did not submit any Rule 56 materials setting out specific facts supportive of his argument that either the lender or PHEAA failed to appropriately and properly apply Abernathy's payments to his outstanding obligation. The court acknowledges that summary judgment

7

may be improper where the amount due is disputed. *See United States v. Lowney*, 32 Fed. Appx. 618, 619 (2d Cir. 2002) (reversing summary judgment in favor of Government and remanding case for determination of the amount owed on student loans). However, in this case, Abernathy has not demonstrated that there remain genuine issues of material fact for trial.

Abernathy may not rely upon his lone conclusory statement that "payments were made prior to 2000 and another $6,000 in 2003" to defeat summary judgment. (Doc. 10, Ex. 1 at ¶ 4.) The court is not obliged to deny summary judgment for the moving party when the evidence favoring the non-moving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 252. The Eleventh Circuit has consistently held that conclusory allegations without supporting facts have no probative value, and are legally insufficient to defeat summary judgment. *See Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1544-45 n.5 (11th Cir. 1992). More specifically, "[c]onclusory, uncorroborated allegations by [the non-movant] in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment." *Tucker v. Benteler Automotive AL, Inc.*, No.3:07cv298-WHA, 2009 WL 531875, at *6 (M.D.Ala. Mar. 3, 2009). Abernathy's response has not created a genuine issue of material fact as to the amount due. Accordingly, the United States is entitled to judgment as a matter of law.

In his second argument, Abernathy attempts to put at issue both the amount owed

and the event of default by asserting that PHEAA ignored or denied his repeated written requests for economic forbearance, and thereby "inflated the loan" and "caused" the default. (Doc. 10, Ex. 1 at ¶ 4.) As with the assertions, discussed above, that payments were not credited to his account, Abernathy makes this "argument" with mere conclusory statements. Abernathy has submitted no Rule 56 materials that evidence when, or if, he applied for forbearance, and he did not provide the response, if any, by PHEAA. Likewise, Abernathy has not demonstrated that the terms of his note provide for economic, or hardship, forbearance. *See Pennsylvania Higher Education Assistance Agency v. Kaminsky*, No. 08-402-PGM, 2009 WL 1748503, at *2 (S.D. Ill. June 22, 2009) (determining that terms of student borrower's HEAL loans "allow[ed] a forbearance of no more than two years"). In sum, Abernathy has not submitted competent evidence creating a genuine issue of material fact as to the amount owed or default status.

Finally, the court is not persuaded by Abernathy's third argument that summary judgment is improper because there exists the "possibility that PHEAA must be added to the action as third party defendant" and that discovery is needed to make that determination. Rule 14(a)(1) provides that a defendant "may, as a third-party plaintiff, serve a summons and complaint on a non party who is or may be liable to [him] for all or part of the claim against [him]." Abernathy has neither availed himself of the opportunity to implead PHEAA by right within 10 days of the filing of his answer, nor has he moved the court for leave to add PHEAA as a third party defendant once the 10 day deadline

passed. Fed. R. Civ. P. 14(a)(1). Additionally, Abernathy has not met the requirement under Rule 56(f) of demonstrating how discovery will aid him in assessing whether PHEAA bears any third-party liability, and how that "would enable [him] to meet [his] burden in opposing summary judgment." *Leatherman*, 28 F.3d at 1396. Thus, Abernathy may not defeat summary judgment by asserting that discovery is incomplete.

### III. CONCLUSION

For the forgoing reasons, the court is of the opinion that the motion of the United States for Summary Judgment (doc. 7 and 8) is due to be granted. An order granting the motion will be entered contemporaneously with this Memorandum Opinion.

**DONE** this the 28th day of September, 2009.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE